## 10976.   BANK OF LEESBURG *v.* HOME MIXTURE GUANO CO.

1. Where a case has been referred to an auditor, who duly reports thereon his several findings, both of law and of fact, each material finding to which no timely exception is filed becomes, when accepted and approved by the court, conclusive upon the parties litigant as to the matter covered by it.  Civil Code (1910), §§ 5135, 5147; *Ball* v. *Vason,* 56 *Ga.* 264 (6); *Anderson* v. *Usher,* 59 *Ga.* 568 (1); *Lewis* v. *Gordon County,* 70 *Ga.* 486 (1); *Wade* v. *Peacock,* 121 *Ga.* 816 (1) (49 S. E. 826).

2. Where numerous exceptions to an auditor's report are filed but before a hearing thereon they are in part withdrawn, the report stands upon the same footing as if the withdrawn exceptions had never been filed. See *Wade* v. *Peacock,* supra.

3. Where, as in this case, the auditor's report is accepted and approved by the court in its entirety, and no error of law is apparent upon its face, and the only exception thereto filed and not withdrawn is an exception of fact to the auditor's general finding against the defendant for a sum stated, and such general finding results as a necessary conclusion and as a mere matter of calculation from the unattacked definite and specific findings of the auditor stated in the same report, the exception is without any merit.

4. While in such a case the judge should have stricken the exception, yet the fact that he submitted it to the jury and then directed a verdict against it can not afford cause for a new trial.

5. The record discloses no reversible error.

DECIDED JULY 14, 1920.

Complaint; from Lee superior court — Judge Littlejohn. July 31, 1919.

*R. R. Forrester, Yeomans & Wilkinson,* for plaintiff in error. *Slade & Swift, Pottle & Hofmayer,* contra.

LUKE, J. This case comes here on exceptions to the report of an auditor. That report, prepared by Sam S. Bennet, Esq., the auditor, is unusually full and clear. In his findings of fact he deals specifically with every material averment of the plaintiff's petition and of the defendant's answer. In his findings of law he deals with various questions of law applicable to such facts. After setting out such specific matter the report concludes as follows: "The auditor therefore finds that the plaintiff is entitled to recover of the defendant the sum of $973.07, with interest thereon at 7% per annum from April 12, 1916 (the date when said suit was filed), the plaintiff having waived any right to interest from any earlier date." To that report the plaintiff filed no exceptions whatever; the defendant filed no exceptions of law, but did file numerous exceptions of fact, the last of which was in the following language: "Further, that the auditor, in the 18th paragraph of his findings of fact, finds 'that the plaintiff is entitled to recover of the defendant the sum of $973.07, with interest thereon at 7% per annum from April 12, 1916;' which finding the defendant says is error, and now assigns the same as error, on the ground that the same is contrary to the evidence and without evidence to support it." When the matter came on for trial the defendant withdrew all of its exceptions except the one herein set out. That exception was submitted to the jury, but the court directed a verdict for the plaintiff, and then entered a decree based upon the auditor's report as filed. The defendant thereupon filed a motion for a new trial, which was overruled, and it brought the case here for review.

With this statement of the material facts the headnotes need no elaboration.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J. concur.*